THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMERSON ROSS NYE and GILBERT A. STONE, Appellants.

County Court, Essex County, April 13, 1954.

*Harold R. Soden* for appellants.

*Daniel T. Manning, District Attorney,* and *Nathaniel L. Goldstein, Attorney-General (Harold A. Jerry* of counsel), for respondent.

WICKES, J. The defendants appeal from a judgment convicting them of a violation of paragraph (i) of subdivision 2 of section 185 of the Conservation Law.

The defendants, as grounds for this appeal, allege several errors and irregularities on the trial and further contend that paragraph (i) of subdivision 2 of section 185 of the Conservation Law is unconstitutional. If the paragraph in question is unconstitutional, it is unnecessary to consider the other questions presented on this appeal.

The paragraph in question reads as follows: "(i) *Prohibitions.* Wild deer and bear may be taken only on land. No jacklight, spotlight, headlight or other type of artificial light, deer trap or salt lick shall be made, set or used upon land inhabited by deer or bear."

For purposes of this case only, the pertinent part of the statute in effect would read: *No artificial light shall be used on lands inhabited by deer.*

There is no proof in the record that either of the defendants attempted or intended to kill or take deer. There is no proof that they or either of them had or possessed a gun or other device capable of taking a deer.

The only charge against the appellants is that they used an artificial light upon land inhabited by deer.

In this court's opinion, the prohibiting of the use of an artificial light for any purpose whatsoever upon lands inhabited by deer, is not a valid exercise of the police power of the State.

Many thousand of law-abiding citizens own or rent farmhouses, residences, cottages and camps situate upon lands inhabited by deer. Can a sovereign State decree that the occupant of

such an abode may not use an artificial light for legal purposes upon such lands? Can it be a crime for a mountain farmer to hunt for a lost calf or lamb with the aid of an electric light or kerosene lantern merely because a doe and her twin fawns have elected to inhabit his lands without his permission or consent?

Do the Constitutions of the United States and the Empire State give the Legislature power to declare that it is a crime for the cottager to use a flashlight to go from his cottage to his boathouse or garage in the dark of night?

Automobiles with headlights are constantly driven at night upon public and private roads, crossing land inhabited by deer. These beautiful and graceful denizens of the forest are frequently seen, especially at night, crossing and traveling on such roads and the lands adjacent thereto. Can it be illegal for an autoist to use his headlights because the area in question is inhabited by one of the species of Cervidae?

Can the Legislature, limited as it is by the Federal and State Constitutions, prohibit a person searching for a lost child, hunter or fisherman on the feeding grounds of the whitetail from using an artificial light to aid in such a humanitarian enterprise?

Are the airway beacons on top of mountains inhabited by lordly bucks, timid does and spotted fawns unlawful?

Are the artificial lights on and in State operated facilities on Whiteface Mountain illegal because its wooded slopes are the natural range of Odocoileus Virginianus?

We strongly suspect that the person who drafted this paragraph of the Conservation Law was not a lawyer and may have been one of those zealous " armchair conservationists " who has never left the city streets and paved highways and whose knowledge of forest lands and wildlife is limited to what he has gleaned secondhand from television, movies and the printed word.

As we ponder this question of constitutionality, our mind wanders. We close our eyes and picture a group of boy scouts on an overnight camping trip. We see them arrive over State-owned forest trails at the State-owned campsite on the shore of Lake Colden, that gem of mountain lakes nestled in the heart of our Adirondacks. These young men — the future leaders of America — build a fire in a State constructed fireplace. They cook and eat their evening meal. More firewood is needed for the talk and songs that are to follow. An eagle scout volunteers and proudly clamps a birthday flashlight to his belt. Both hands are free to gather more fuel for the campfire which is the very

foundation of a delightful experience, the memory of which will never die. This man of tomorrow is using his treasured but artificial light upon lands inhabited by deer.

Does the Legislature of the Empire State, have the power to say that this young man's use of his flashlight is a crime and that he is a criminal?

Can a law be constitutional which prohibits the owner of lands inhabited by deer from going upon his own property at night if he uses an artificial light to guide his footsteps?

We think that the Legislature had the power to and wisely did prohibit a person from taking a deer or bear with the aid of an artificial light as it did in the very next paragraph of the same subdivision of section 185. This is a wise and reasonable exercise of the police power of the State.

Likewise, prohibiting the use of an artificial light for any illegal purpose would be constitutional.

However, the paragraph in question would prohibit the use of an artificial light for any legal purpose upon millions of acres of State and privately owned land and is therefore clearly unconstitutional. It is not a reasonable exercise of police power. It deprives many persons of property rights without due process of law and without just compensation.

In my opinion, the paragraph in question is far more than a temporary and reasonable restriction placed upon the land to promote the general welfare. It is in effect a taking of property prohibited by the Fifth and Fourteenth Amendments to the Constitution of the United States and by section 6 of article I of the Constitution of the State of New York.

The judgment of conviction should be reversed, the information dismissed and the fines imposed remitted.

Submit judgment accordingly.