MUSGROVE, et al. *v.* STATE.

No. 41144          April 20, 1959          110 So. 2d 919

H. G. *Rowland,* Lucedale, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Musgrove and Lucas were convicted in the Circuit Court of Greene County of violation of Mississippi Code of 1942, Recompiled, Section 5866-02:

"Headlighting—penalty. Any person who hunts or takes or kills any deer by headlighting or by any lighting device, shall, upon conviction thereof, be fined not less than one hundred fifty dollars ($150.00) or be imprisoned not more than three (3) months in the county jail, or both."

Appellants had previously been convicted of this offense in a justice of the peace court and appealed for a trial de novo to the circuit court.

On the night of November 13, 1957, a short time before the deer hunting season began, Game Wardens Turner and Brewer were on duty in a location near "Mobile Hill" between Big Creek and Highway 98 in District 4 of Greene County. The jury was warranted in finding the following as the facts: This area was in the natural habitat of deer. It had been raining. About nine P. M. they saw a car coming slowly down the sparsely traveled public road. In addition to its headlights, the car had a spot light shining from each side, pointed towards the land and trees on each side of the road. The wardens stopped this car, and one man jumped out of it and ran away before they could catch him. They arrested appellants Musgrove and Lucas. The officers found propped up near the right front seat of the car a shotgun loaded with buckshot shells.

Appellants denied they were hunting for deer with headlights. They denied any spot lights were burning, and denied the gun had buckshot shells in it. But the jury was justified in finding buckshot shells had been re-

moved by someone after the arrest. Appellants claimed they were looking for their lost dogs, and also "looking around for a place to hunt," apparently when the deer season began. They denied there was a fourth person in the car. The third party was Musgrove's father, who apparently was not charged with any offense. Warden Turner testified that Lucas said he would appreciate it if no charges were made against Musgrove's father, since he was not aware of what appellants "intended to do."

■■ It is well established that the state has the power to establish rules and regulations for the conservation of the supply of wild animals and game, for their protection and for the public good. Ex parte Louis Fritz. 86 Miss. 210, 38 So. 2d 722 (1905) ; State v. Buckingham, 93 Miss. 846, 47 So. 501 (1908) ; State v. Hill, 98 Miss. 142, 53 So. 411 (1910) ; 24 Am. Jur., Game and Game Laws, Sec. 10 et seq.; 38 C. J. S., Game, Sec. 7 et seq. Code Sec. 5866-02 is based upon the police power of the state. It was enacted as part of the program to conserve game. The essentials of the offense are (1) hunting or taking or killing of any deer; (2) by headlighting or by any lighting device. In this case, appellants were convicted of "hunting" deer by headlighting. ■■ The jury was amply warranted in finding them guilty of this offense. State v. Suess, 236 Minn. 174, 52 N. W. 2d 409 (1952) ; cf., People v. Nye, 205 Misc. 605, 131 N. Y. Supp. 2d 688 (1954). It believed the testimony of the wardens. They saw appellants driving slowly at night on this sparsely traveled public road, in an area inhabited by deer, with a spot light out each side of their car and a shotgun loaded with buckshot in the front seat. Certainly reasonable men could conclude that they were hunting deer by headlighting.

■■ There are no reversible errors. The state's sole instruction on the merits told the jury that, if it believed defendants were "headlighting on the night in

question," then it should find them guilty. Standing alone, this instruction would be reversible error, since it did not define the elements of the crime. However, all of the instructions must be read together. Defendants' instructions numbers 2 and 4, considered along with those of the state, adequately advised the jury as to its duties under the law.

Affirmed.

*Roberds, P. J.,* and *McGehee, C. J.,* and *Lee* and *Gillespie, JJ.,* concur.