ETHRIDGE, Chief Justice.
Appellants, Roderick R. Powell, Sr., and his son, James P. Powell, were convicted in the Circuit Court of Franklin County of killing a deer by headlighting in violation of Mississippi Code 1942 Annotated section 5866-02 (Supp.1966), and were each fined $250. The evidence was ample to support the convictions.
State Game Warden Ducker and a deputy sheriff were riding on a remote road in Franklin County when they passed a small foreign car going in the opposite direction. They pulled into a side road, and the car passed their location two or three times, weaving at a slow pace from one side of the road to the other. It turned off on another road, and the officers followed with their lights off. The small car stopped on the far side of a bridge. The officers saw a man get out of the car, saw two flashes from a gun in his possession, and heard two shots fired. They pursued, arrested appellants, then returned to the place where the shots were fired, and found a dead deer. At the same location they found two hulls of a 30-30 calibre cartridge. While the appellants did not have a 30-30 calibre rifle in their possession, a 410-gauge shotgun, a 22 calibre rifle and pistol were found in their car. Appellants claimed that they were looking for their lost dog.
The theory of the State’s case was that the 410 shotgun had been used to fire the two 30-30 rifle cartridges. The shotgun had heavier steel in the barrel than the ordinary 410, and, according to the deputy sheriff, it had been recently fired. In demonstrations before the jury, the 30-30 cartridge fitted the shotgun sufficiently for the firing pin to successfully strike and fire the cartridge. The jury observed these facts. Moreover, the two officers testified that a 30-30 cartridge could be fired in this manner. The evidence was sufficient to support the finding that appellants killed a deer by headlighting and shooting it with the 410-gauge shotgun. Musgrove v. State, 236 Miss. 513, 110 So.2d 919 (1959).
The motion for a new trial on the ground of newly discovered evidence was properly overruled. The evidence was within appellants’ knowledge before the trial in circuit court, or it could have been discovered by diligence, and would probably not have produced a different result, if a new trial were granted. Stewart v. State, 203 Miss. 295, 33 So.2d 787 (1948).
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.